UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RAYMUNDO MENDOZA, *individually and on*                     :
*behalf of others similarly situated*,                      :
                                                            :       12 Civ. 8629 (KPF)
                                        Plaintiff,          :
                    v.                                      :       OPINION AND ORDER
                                                            :
ASHIYA SUSHI 5, INC., *et al.*,                             :
                                                            :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

Plaintiff Raymundo Mendoza brings this action on behalf of himself and similarly situated persons, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 6 §§ 190 *et seq.*, and Art. 19 §§ 650 *et seq.*  Mendoza alleges that Ashiya Sushi 5 and affiliated Ashiya Sushi restaurants (collectively, "Defendants") employed unlawful employment practices, including failing to pay the minimum hourly wage, failing to pay overtime for hours worked in excess of 40 hours in a workweek, failing to comply with New York State's "spread of hours" requirement, and failing to comply with NYLL notice requirements.

Plaintiff moves for conditional certification of a collective action under the FLSA for his overtime and minimum wage claims, and for court-facilitated notice to potential plaintiffs.  (Dkt. #12).  Defendants oppose that motion.  For the reasons set forth in the remainder of this Opinion, the Court: (i) grants in part and denies in part the motion for conditional certification; and

(ii) approves court-facilitated notice for Ashiya Sushi locations in New York City by means of certified mail to potential plaintiffs and non-public posting of notice in the designated Ashiya Sushi locations.

## FACTUAL BACKGROUND[1]

### A.   Plaintiff's Employment at Ashiya Sushi 5

Ashiya Sushi 5 is a restaurant located at 937 First Avenue, New York, New York.  Plaintiff asserts that Ashiya Sushi 5 is affiliated with "various sushi restaurants" of the same name in New York.  (Compl. ¶ 30; Mendoza Decl. ¶ 13). Defendants contend that the Ashiya Sushi locations are unaffiliated. (Chen Decl. ¶¶ 6-7).

Plaintiff states that he worked as a food preparer and dishwasher at Ashiya Sushi 5 from December 2011 until October 25, 2012.  (Compl. ¶¶ 19-20; Mendoza Decl. ¶¶ 2-4).  Plaintiff alleges that his "regular schedule" was to work a continuous shift from 11:00 a.m. to 11:00 p.m., six days a week. (Mendoza Decl. ¶ 5).  Thus, he "generally" worked 72 hours per week.  (Compl. ¶ 24).  Plaintiff received a weekly salary of $350, or $700 biweekly.  (Compl.

---

[1]   The facts are drawn from the Complaint ("Compl.") (Dkt. #1) and the exhibits ("Exhs.") attached to the Declaration of David Stein, Esq. (Dkt. #14), especially the Declaration of Raymundo Mendoza ("Mendoza Decl.") (Exh. A).  "Br." refers to Plaintiff's Memorandum of Law in Support of the Motion; "Opp." refers to Defendants' Memorandum of Law in Opposition to the Motion; and "Reply" refers to Plaintiff's Reply Memorandum of Law in Support of the Motion.

Where Defendants offer a competing version of the facts, based on the Declaration of Yu Ling Chen ("Chen Decl.") (Dkt. #16), the alternative account is noted.  However, to the extent that the Chen Declaration "contradicts statements sworn to by the plaintiff[], the Court will grant the plaintiff[] the benefit of the doubt given the posture of this motion." *Sanchez* v. *Gansevoort Mgmt. Group, Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909, at *1 n.1 (S.D.N.Y. Jan. 10, 2013); *see also Salomon* v. *Adderley Industries, Inc.*, 847 F. Supp. 2d 561, 565 (S.D.N.Y. 2012) ("[A] fact-intensive inquiry is inappropriate at the notice stage, as Plaintiffs are seeking only conditional certification.").

¶ 25; Mendoza Decl. ¶ 8).  The manager at Ashiya Sushi 5 paid Mendoza his salary, in cash, at the same time the manager paid other employees.  (Mendoza Decl. ¶ 8).

At no time, Plaintiff attests, did he receive compensation in addition to his flat weekly $350 salary, meaning he was routinely paid below the minimum wage and never received the mandatory overtime "bonus" for working more than 40 hours in a week.  (Compl. ¶¶ 25-28; Mendoza Decl. ¶¶ 8, 11-12).[2] Plaintiff alleges that Defendants performed each of these unlawful practices willfully.  (Compl. ¶¶ 39, 44, 50, 55, 60, 65).  Defendants respond that Plaintiff was always paid correctly; that any underpayment that did take place was never brought to their attention; and that any underpayment was not willful. (Chen Decl. ¶¶ 3-4).  Defendants also maintain that Plaintiff worked as a deliveryperson.  (Chen Decl. ¶ 8).[3]

Based on Plaintiff's observations and conversations with other employees at Ashiya Sushi 5, he alleges that the pay and shift practices he experienced were general policies applied to other employees as well.  (Mendoza Decl. ¶ 14). Plaintiff avers that this is true also of employees of other Ashiya Sushi restaurants, based on his observations of such employees when assigned to work with him at Ashiya Sushi 5 during busy periods.  (Mendoza Decl. ¶ 13).

---

[2]    Though not implicated by the instant motion, Plaintiff also alleges that Defendants violated the NYLL by never paying a spread-of-hours bonus, providing weekly wage statements, or providing annual notice of his rate of straight and overtime pay.  (Compl. ¶¶ 32-33; Mendoza Decl. ¶ 10).

[3]    Were Plaintiff indeed employed as a deliveryperson, he would presumably be classified as a tipped employee eligible for lower compensation based on the "tip credit" as provided in section 3(m) of the FLSA.  *See* 29 U.S.C. § 206(m).

Defendants contend that no other employee of Ashiya Sushi 5 claims to have been underpaid.  (Chen Decl. ¶ 5).

**B.      The Instant Litigation**

Plaintiff filed the Complaint in this action on November 28, 2012.  (Dkt. #1).  Ashiya Sushi 5 filed an Answer on December 26, 2012 (Dkt. #3), and an Amended Answer on June 14, 2013 (Dkt. #10).  On June 21, 2013, Plaintiff filed the instant motion (Dkt. #12), as well as a memorandum of law (Dkt. #13) and declaration by his counsel (Dkt. #14) in its support.  On June 5, 2013, Ashiya Sushi 5 filed a memorandum of law opposing the motion (Dkt. #15) and a declaration by its counsel in connection with its opposition (Dkt. #17).  On July 16, 2013, Plaintiff filed a reply memorandum of law in support of the motion.  (Dkt. #18).

**DISCUSSION**

**A.      Applicable Law**

**1.      The FLSA Generally**

The FLSA provides that an action for unlawful employment practices may be brought against an employer "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  28 U.S.C. § 216(b).  FLSA collective actions, unlike class actions brought under Rule 23, need not satisfy the standards of numerosity, typicality, commonality, or representativeness.  *Young* v. *Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005); Fed. R. Civ. P. 23(a).  Also unlike Rule 23, only potential plaintiffs who "opt in" by filing written consents to join the collective action can

be "'bound by the judgment' or 'benefit from it.'"  *Gjurovich* v. *Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) (quoting *Hoffman* v. *Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997)); *compare* Fed. R. Civ. P. 23.  "'Moreover, only by "opting in" will the statute of limitations on potential plaintiffs' claims be tolled.'" *Gjurovich*, 282 F. Supp. 2d at 104 (quoting *Hoffman*, 982 F. Supp. at 260).[4]

District courts have "'discretion, in appropriate cases, to implement [§ 216(b)] … by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs."  *Myers* v. *Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010) (quoting *Hoffman-La Roche Inc.* v. *Sperling*, 493 U.S. 165, 169 (1989) (alteration in original)).  Orders authorizing notice to potential plaintiffs are "often referred to as orders 'certifying' a collective action," though the FLSA does not contain an explicit certification provision.  *Guillen* v. *Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010).

### 2.    Certifying an FLSA Collective Action

The Second Circuit has approved as "sensible" a two-step method to certify FLSA collective actions.  *Myers*, 624 F.3d at 555.  The first step — the current stage of this litigation — requires the district court to determine whether "similarly situated" potential plaintiffs exist who should receive notice

---

[4]    The statute of limitations for FLSA violations depends on the nature of the allegations.  "The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for 'a cause of action arising out of a willful violation.'" *Herman* v. *RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999), *holding modified on other grounds by Zheng* v. *Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003) (quoting 29 U.S.C. § 255(a)).

of the pending FLSA action and opportunity to join it as plaintiffs.  *Id.*  Courts may approve sending notice if "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Id.*  (quoting *Hoffman*, 982 F. Supp. at 261).  This modest factual showing "cannot be satisfied simply by 'unsupported assertions,'" but the standard is low: "[T]he purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist."  *Id.* (quoting *Dybach* v. *Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991); *see also Damassia* v. *Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) ("[A] plaintiff's burden at this preliminary stage is 'minimal.'" (quoting *Wraga* v. *Marble Lite, Inc.*, No. 05 Civ. 5038 (JG) (RER), 2006 WL 2443554, at *1-2 (E.D.N.Y. Aug. 22, 2006))).

In this first stage, a court "need not evaluate the underlying merits of a plaintiff's claims to determine whether the plaintiff has made the minimal showing necessary for court-authorized notice."  *Damassia*, 2006 WL 2853971, at *3; *see also Hoffman*, 982 F. Supp. at 262.  Courts should not "'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'"  *Cunningham* v. *Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting *Lynch* v. *United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).  The modest factual showing can be made by "relying on [plaintiffs'] own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."  *Hallissey* v. *Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19,

2008); *Anglada* v. *Linens 'N Things, Inc.*, No. 06 Civ. 12901 (CM) (LMS), 2007 WL 1552511, at *4 (S.D.N.Y. Apr. 26, 2007). "Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez* v. *Bare Burger Dio Inc.*, No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013).

The second stage of collective active certification occurs after notice is sent, the opt-in period concludes, and discovery closes. Involving a "more stringent factual determination," *Lynch*, 491 F. Supp. 2d at 368, the second stage requires the court, "on a fuller record, [to] determine whether a [collective action] may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. If the opt-in plaintiffs are revealed not to be similarly situated, the class "may be 'de-certified'" and "opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

**B.   Application**

**1.     FLSA Conditional Collective Action Certification**

**i.     Certifying Plaintiff's Overtime Claim Regarding Ashiya Sushi 5**

Plaintiff has made the "modest factual showing" that he and other potential plaintiffs were together "victims of a common policy or plan that violated the law" with respect to his overtime claim against Ashiya Sushi 5. *Hoffman*, 982 F. Supp. at 261. The Complaint and Plaintiff's Declaration adequately allege that Plaintiff "generally" received a flat weekly salary without

regard to the number of hours he was required to work in excess of 40 hours per week.  (Compl. ¶¶ 23-25, 28; Mendoza Decl. ¶¶ 5, 7, 8, 11).  Plaintiff avers that his observations and conversations revealed other employees who were paid on the same flat scale without receiving overtime.  (Mendoza Decl. ¶ 14). Considered together, the pleadings and Declaration indicate the existence of a common policy at Ashiya Sushi 5 of failing to comply with overtime requirements that was applied to Plaintiff and other employees.  *See Sanchez*, 2013 WL 208909, at *1 ("Because the pleadings and the affidavit, taken together, suggest a common policy of failing to pay required overtime premiums, that showing suffices for conditional certification.").

Defendants assert that all employees were paid adequate overtime.  (Opp. at 3).  This argument attacks the substance of Plaintiff's claims, not the question of whether other "similarly situated" individuals exist.  The Court offers no conclusion with respect to the merits, but "need not evaluate the merits of [a plaintiff's] claims in order to determine that a definable group of 'similarly situated' plaintiffs" exists.  *Hoffman*, 982 F. Supp. at 262. Accordingly, the Court conditionally certifies a collective action for Plaintiff's overtime claim.

### ii.    Certifying Plaintiff's Minimum Wage Claim Regarding Ashiya Sushi 5

Plaintiff has also alleged a "common policy or plan that violated the law" with respect to his minimum wage claim.  *Hoffman*, 982 F. Supp. at 261.  The question is closer here.  Nonetheless, the Court concludes that Plaintiff has made the "minimal" showing necessary at this stage.

The FLSA establishes a national minimum wage for covered employees, currently $7.25 per hour.  29 U.S.C. § 209.  Plaintiff's own compensation, based on his "regular" schedule of 72 hours per week, is equivalent to a wage of approximately $4.86 per hour, substantially below the minimum wage. (Mendoza Decl. ¶ 5).

Plaintiff's Declaration does not directly support finding a common policy or practice of failing to pay the minimum wage.  And while the Complaint states on information and belief that other employees of Ashiya Sushi 5 did not receive the minimum wage (Compl. ¶ 31), it "does not, standing alone, suffice to conditionally certify a class on that basis." *Sanchez*, 2013 WL 208909, at *2.

At the conditional certification stage, however, "the Court [should] draw all inferences in favor of the Plaintiff." *Jenkins* v. *TJX Cos. Inc.*, 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012).  Here, Plaintiff's sworn testimony and documentary evidence support an inference that Ashiya Sushi 5 failed to pay the minimum wage, and, more fundamentally, that it failed to maintain the records necessary to do so.  Plaintiff avers that Ashiya Sushi 5 did not provide a time clock or "any other way for employees to track their time" (Mendoza Decl. ¶ 6), and did not provide employees with pay stubs (*id.* ¶ 10).  Plaintiff also offers Ashiya Sushi 5's employment records from February 6 to October 28 of a particular year (a year that, it bears noting, remains unidentified by Defendants).  (Exh. C).  Though these records are far from clear, they show that Ashiya Sushi 5 did not record the length of any identified employee's shift, but rather simply indicated the days on which employees appeared for work.  This

record-keeping practice conforms to Plaintiff's characterization of Ashiya Sushi 5's practices.  (Mendoza Decl. ¶ 6).

This testimonial and documentary evidence suggests strongly that Ashiya Sushi 5 did not maintain sufficient records, and did not perform sufficient record-keeping operations, to pay its employees a lawful hourly wage. Plaintiff has thus adequately demonstrated that "similarly situated" plaintiffs exist.  The Court certifies a collective action for Plaintiff's minimum wage claim.

### iii. Certifying the Collective Action Only with Respect to Other Ashiya Sushi Restaurants in New York City

Plaintiff seeks certification for all employees of all Ashiya Sushi restaurants without clarifying how many locations exist.  Plaintiff offers two observations supporting multi-location certification.  First, the names of other Ashiya Sushi locations were printed on the business card used by the manager of Ashiya Sushi 5.  (Exh. D).  Second, employees of other Ashiya Sushi locations were sent to work at Ashiya Sushi 5 when it was "very busy." (Mendoza Decl. ¶ 13).  During these periods, Plaintiff's observations and conversations indicated that these other employees were subject to the same employment conditions of which he complains.  (Mendoza Decl. ¶¶ 13-14).

Plaintiff does not allege that there is a common corporate structure among the Ashiya Sushi locations, or that employees from each Ashiya Sushi location came to help at Ashiya Sushi 5.  There is, accordingly, an insufficient basis to discern a common factual nexus among employees of all Ashiya Sushi locations.  Plaintiff does, however, swear that employees of "other Ashiya Sushi

restaurants *in New York*" came to help at Ashiya Sushi 5.  (Mendoza Decl. ¶ 13 (emphasis added)).  This testimony, together with the Ashiya Sushi 5 business card, suffices to demonstrate a factual nexus between Ashiya Sushi 5 and the other Ashiya Sushi locations in Manhattan, *viz.*, Ashiya Sushi II, located at 167 First Avenue; and Ashiya Sushi III, located at 374 Greenwich Street.  The Court therefore certifies Plaintiff's claims for a collective action with respect to Ashiya Sushi 5 and the two additional Ashiya Sushi locations in New York City, but not with respect to any Ashiya Sushi locations outside of New York City.

### iv.   Defendants' Rebuttals Are Inadequate

Defendants offer several responses to Plaintiff's allegations as a whole. None suffices to defeat Plaintiff's motion for certification.

First, Defendants argue that Plaintiff's allegations are "conclusory" and lack requisite details, such as the names of potential plaintiffs.  (Opp. at 4-6). Such an argument, however, misperceives the conditional certification decision, which is necessarily based on unproven allegations.  *See Fasanelli* v. *Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("As noted above, however, the initial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations.  Further, the Court is not being asked for a determination on the merits and the Defendant will have another opportunity to object to class certification after discovery.").  Moreover, Plaintiff here has exceeded the level of allegations dismissed elsewhere as "conclusory."  *See, e.g.*, *Morales* v. *Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154, at *2-3

(S.D.N.Y. Feb. 2, 2006) (denying certification based on "conclusory allegations," where plaintiff submitted no affidavit and where affidavit submitted by plaintiff's counsel failed to allege a common policy).  Plaintiff here presented his sworn observations of and conversations with other employees, as well as Ashiya Sushi's shift records.  These submissions satisfy the "modest factual showing" required at this stage of certification.

By contrast, the cases on which Defendants rely to characterize Plaintiff's allegations as "conclusory" are flatly inapposite.  (Opp. at 5).  In *Prizmic* v. *Armour, Inc.*, No. 05 Civ. 2503 (DLI) (MDG), 2006 WL 1662614, at *3 (E.D.N.Y. June 12, 2006), the plaintiff submitted no affidavit or supplementary evidence and failed to make any specific allegations regarding how he or other employees were paid.  In *Severtson* v. *Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991), plaintiffs had failed to make any allegations of a common policy of discriminatory terminations.  In *Klegerman* v. *F.G. Apparel, Inc.*, No. 85 Civ. 7887, 1986 WL 2531, at *5 (N.D. Ill. Feb. 11, 1986), the court declined to certify a collective action on the grounds that the plaintiff had not specifically named any other "similarly situated" individuals — a conclusion obviously at odds with the practice of courts in this Circuit.  And in *Haynes* v. *Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983), the plaintiff had filed no affidavit and relied solely on his counsel's assertions.  Moreover, the district court in *Haynes* had refused to certify a collective action based on the premise, since invalidated by the Supreme Court in *Hoffman-La Roche*, that § 216(b) did not authorize certification or notice.

In *Hoffman* v. *Sbarro, Inc.*, then-District Judge Sonia Sotomayor characterized the denials of certification in *Severtson*, *Klegerman*, and *Haynes* as "based on the total dearth of factual support for the plaintiff's allegations" in each case. 982 F. Supp. at 262. Here, on the contrary, Plaintiff has submitted testimonial and documentary evidence supporting his request for certification.

Defendants also urge the Court to reject Plaintiff's allegations as based on hearsay. (Opp. at 5-6). In point of fact, "courts regularly rely on ... hearsay statements in determining the propriety of sending notice" in FLSA conditional collective action certifications. *Salomon* v. *Adderley Industries, Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012); *see also Hamadou* v. *Hess Corp.*, 915 F. Supp. 2d 651, 664 (S.D.N.Y. 2013).

Finally, Defendants submit that Plaintiff is obliged to demonstrate that other plaintiffs who are interested in joining this action exist. (Opp. at 5-6). Such a requirement may exist elsewhere. For courts in the Second Circuit, however, this stage of the proceeding is designed "merely to determine *whether* 'similarly situated' plaintiffs do in fact exist," *Myers*, 624 F.3d at 555 (emphasis in original), and not to determine the litigiousness of putative members of the collective action. The requirement Defendants propose, if adopted, would obviate the advantages of § 216(b) notice, as it would require FLSA plaintiffs to locate and identify additional plaintiffs in advance of certification. But plaintiffs do not face this requirement: they must only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffman*, 982 F.

Supp. at 261).  In sum, Defendants offer no legally valid argument opposing certification of Plaintiff's Motion.

### v.    Defining the Collective Action Class

Plaintiff's motion for collective action certification is GRANTED, limited to the following class:

> Individuals who are or were employed by Ashiya Sushi 5, Inc., or other Ashiya Sushi restaurants in New York in a non-managerial position, and who are currently employed in that position or were employed in that position within three years of the date of the notice provided to members of the class by Plaintiff's counsel, who were not paid the minimum wage or overtime payments.

## 2.    Approving the Proposed Notice

### i.    Considering Defendants' Objections

With his motion, Plaintiff provided a proposed Notice of Lawsuit ("Proposed Notice") (Exh. E) and a proposed Opt-In Consent form ("Proposed Opt-In Form") (Exh. F).  Defendants' counsel has submitted a declaration raising various defense objections to the Proposed Notice, including arguments that the final notice ("Final Notice") should state Defendants' position on the merits; provide contact information for defense counsel; explain that opt-in plaintiffs may be deposed and be subject to obligations; and omit any reference to the contingency fee arrangement.  (Declaration of Daniel M. O'Hara, Esq. ("O'Hara Decl.") ¶¶ 3, 12).  In the same document, Defendants also request that a list of all notices be sent to Defendants' counsel before court authorization; that Plaintiff be limited to a single distribution of the Final Notice by regular

mail; and that Plaintiff's counsel provide updated lists of opt-ins with pertinent information.  (*Id.* ¶¶ 6-10).[5]

### a.     The Current Discussion of Defendant's Position on the Merits Is Adequate

Defendants request that the Final Notice state their position on the merits.  The Proposed Notice contains only a brief capitulation of Defendants' position.  It also contains only a brief capitulation of Plaintiff's position.  As both parties receive equal treatment in the Proposed Notice, the statement of Defendants' position is adequate.  *See Delaney* v. *Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009).  Defendants' request is denied.

### b.     The Final Notice Will Include Contact Information for Defendants' Counsel

Defendants request that the Final Notice include their counsel's contact information.  FLSA notices routinely include this information.  *See, e.g.*, *Moore* v. *Eagle Sanitation, Inc.*, 276 F.R.D. 54, 61 (E.D.N.Y. 2011); *Gjurovich*, 282 F. Supp. 2d at 108.  Accordingly Defendants' request is granted, as specified in Subsection B.2.ii.d, *infra*.

---

[5]     Plaintiffs correctly note that Defendants should have submitted these objections in their Memorandum of Law in Opposition to the Motion, and not in an affidavit by Defendants' counsel. (Reply at 4).  However, given the broad discretion afforded to district courts to modify § 216(b) notice forms, *see Hoffman-La Roche*, 493 U.S. at 170, the Court would be free to alter the Proposed Notice even had Defendants consented to its content.  *See, e.g.*, *Gjurovich*, 282 F. Supp. 2d at 106 (extensively modifying a proposed notice despite "having received no objection from the Defendants").  In the interest of avoiding future disputes over the Final Notice, the Court will consider Defendants' objections despite the improper format of their submission.  *See Hoffman-La Roche*, 493 U.S. at 172 ("Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner.").

### c.   The Notice Will Discuss Potential Discovery Obligations

Defendants request that the Final Notice inform potential plaintiffs of the possibility of discovery obligations.  District courts have divided on the propriety of similar requests.  *Compare Shajan* v. *Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *2 (S.D.N.Y. June 2, 2010) (modifying plaintiffs' proposed notice to include the possibility of discovery obligations), *Bah* v. *Shoe Mania, Inc.*, No. 08 Civ. 9380 (LTS) (AJP), 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) (same), *and Hallissey* v. *Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008) (same), *with Diaz* v. *S&H Bondi's Dept. Store, Inc.*, No. 10 Civ. 7676 (PGG), 2012 WL 137460, at *7 (S.D.N.Y. Jan. 18, 2013) (refusing to include potential discovery obligations in notice), *Garcia* v. *Pancho Villa's of Huntington Village, Inc.*, 678 F. Supp. 2d 89, 95-96 (E.D.N.Y. 2010) (same), *and Delaney*, 261 F.R.D. at 59 (same).  The value of including such language may be small, "'given the remote possibility that such costs for absent class members would be other than de minimis,'" and given the possibility that the language may "intimidate putative class members from opting into the case." *Schwerdtfeger* v. *Demarchelier Mgmt., Inc.*, No. 10 Civ. 7557 (JGK), 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011) (quoting *Lujan* v. *Cabana Mgmt., Inc.*, No. 10 Civ. 755 (ILG), 2011 WL 317984, at *11 (E.D.N.Y. Feb. 1, 2011)).  Yet where parties seek to add only a "neutral and non-technical reference to discovery obligations," *Lujan*, 2011 WL 317984, at *11, the advantages of providing notice regarding potential obligations outweigh the possibility of dissuading potential plaintiffs.  *See id.* ("This Court does,

however, think it appropriate to include a neutral and non-technical reference to discovery obligations, to insure that opt-in plaintiffs understand that their participation would entail greater obligations than participation in some Rule 23 class actions.").  Defendants' request is granted, as specified in Subsection B.2.ii.b, *infra*.

> ### d. The Notice Will Discuss the Contingency Fee Arrangement

Defendants request that the Notice omit discussion of the contingency fee arrangement.  Notices often contain discussion of similar contingency fee arrangements.  *See, e.g.*, *Gjurovich*, 282 F. Supp. 2d at 107.  Including such information allows potential plaintiffs to understand the details of the arrangement to which they would consent if they chose to opt into the collective action.  Defendants' request is denied.

> ### e. Plaintiff Need Not Provide a List of Mailed Notices

Defendants request that Plaintiff provide, prior to court authorization, a list of all individuals to whom notice will be sent.  As discussed in Section B.4, *infra*, Defendants will provide Plaintiff with the names and last known addresses of all potential plaintiffs.  There is no need for Plaintiff to provide Defendants with a list of notices to be sent when Defendants themselves will furnish that list.  Defendants' request is denied.

> ### f. Plaintiff May Mail the Notice and Opt-In Form More Than Once

Defendants request that Plaintiff be limited to a single distribution of the Final Notice by mail.  Courts routinely — and appropriately — permit plaintiffs

to re-send notices that are returned as undeliverable.  *See, e.g.*, *Guzelgurgenli*
v. *Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 359 (E.D.N.Y. 2012);
*Hanchard-James* v. *Brookdale Family Care Centers*, No. 12 Civ. 1922 (BMC),
2012 WL 3288810, at *7 (E.D.N.Y. Aug. 9, 2012).  Defendants' request is
denied.  Instead, Plaintiff is permitted to re-send any Notice and Opt-In Forms
returned as undeliverable to any other address he may determine is
appropriate.

> **g.    Plaintiffs Will Provide a List of Opt-In Plaintiffs**

Defendants request that Plaintiff provide updated lists of opt-in plaintiffs.
Though duplicative, since opt-in plaintiffs will appear on the docket when their
consent forms are filed with the Court, this request is not inappropriate.
Within 14 days of the conclusion of the opt-in period, Plaintiff will provide
Defendants with a list of all opt-in plaintiffs.

> **ii.    Modifying the Proposed Notice**

The Court has broad discretion to approve and modify § 216(b) notices.
*See Hoffman-La Roche*, 493 U.S. at 170 ("[W]e decline to examine the terms of
the notice ….  We confirm the existence of the trial court's discretion, not the
details of its exercise.").  Correspondingly the Proposed Notice is approved for
mailing to the certified potential plaintiffs, in English, Spanish, or other
appropriate language, subject to the following modifications that are hereby
ordered:

**a.     Modification to Opening Unnumbered Paragraph**

The opening unnumbered paragraph of the Proposed Notice (beginning with "If you are or were employed...") should be modified by striking "or New Jersey" from the description of the class.

**b.     Modification to Paragraph Three, Who May Join the Lawsuit?**

The description of the class provided in paragraph three of the Proposed Notice should be modified by replacing "non-managerial employee of defendants" with "non-managerial employee of Ashiya Sushi 5, Inc., or other Ashiya Sushi restaurants in New York City."

**c.     Modification to Paragraph Five, What Happens If I Join?**

The description of the effect of joining the collective action provided in paragraph five of the Proposed Notice should be modified by inserting the following material at the end of the paragraph:

> If you join this lawsuit, you may be asked to give testimony and information about your work for Ashiya Sushi, to help the Court decide whether you are owed any money.

**d.     Inserting New Paragraphs**

After Paragraph Seven, entitled No Retaliation Permitted, additional new numbered paragraphs should be inserted as follows:

**New Paragraph Eight: Your Legal Representation If You Join**

If you choose to join this suit and agree to be represented by the named Plaintiff through his attorney, your counsel in this action will be:

*[Insert Plaintiff's Counsel's name, mailing address, and phone number here]*

**New Paragraph Nine: Counsel for Defendants:**

The attorneys for Defendants in this case are:

*[Insert Defendants' Counsel's name, mailing address, and phone number here]*

### 3.    Publishing the Notice and Opt-In Form

Plaintiff seeks to send the Notice and Opt-In Form, in English, Spanish, or other appropriate language, via certified mail to all potential opt-in plaintiffs. (Br. at 7.)  Mailing notice is the substance of collective action certification under § 216(b) and Plaintiff's motion is granted.  If an individual mailing to any potential plaintiff is returned as undeliverable, Plaintiff is authorized to mail the Notice and Opt-In Form again to any other address he may determine is appropriate.

To facilitate this mailing, Plaintiff seeks discovery of the names and addresses of current and former employees of Defendants who are potential plaintiffs in this action.  (Br. at 7-8.)  Discovery of this sort is essential in FLSA actions to ensure "that employees receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'"  *Gjurovich*, 282 F. Supp. 2d at 108 (quoting *Hoffman-La Roche*, 493 U.S. at 170).  For this reason, Defendants are ordered to provide to Plaintiff's counsel, within 21 days of the date of this Opinion and Order, the names and addresses of all potential plaintiffs, limited to the class as defined in Subsection B.1.v, *supra*.

Plaintiff also seeks to post the Notice and Opt-In Form at Defendants'
restaurants.  (Br. at 8).  Defendants object and request that mailing should be
the sole permitted form of notice.  (O'Hara Decl. ¶¶ 4-5).  Courts routinely
approve the posting of notice on employee bulletin boards and in common
employee spaces. *See, e.g.*, *Whitehorn* v. *Wolfgang's Steakhouse, Inc.*, 767 F.
Supp. 2d 445, 449 (S.D.N.Y. 2011); *Malloy* v. *Richard Fleischman & Assocs.
Inc.*, No. 09 Civ. 322 (CM), 2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009).
Posting notice in the workplace maximizes potential plaintiffs' opportunities to
be informed of the pendency of the litigation and consider whether to opt in.
Accordingly, the Court hereby authorizes, and Defendants are hereby ordered
to permit, Plaintiff to post the Notice and Opt-In Form in a common, non-public
employee space of each Ashiya Sushi restaurant in New York City where they
will be easily visible to employees.

Finally, Plaintiff seeks tolling of the statute of limitations from the filing
of the Motion through the opt-in deadline.  (Br. at 9).  Normally, the FLSA's
statute of limitations runs when a plaintiff files with the court consent to join
the collective action.  *Gjurovich*, 282 F. Supp. 2d at 104.  The equitable tolling
doctrine allows a court to toll a statute of limitations "as necessary to avoid
inequitable circumstances."  *Iavorski* v. *U.S. Immigration & Naturalization Serv.*,
232 F.3d 124, 129 (2d Cir. 2000).  The Second Circuit has cautioned that the
doctrine should be invoked "only in rare and exceptional circumstances."
*Zerilli–Edelglass* v. *New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).

Some courts have held that the period of pendency of a motion for collective action certification can serve as an "'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes* v. *Rest. Assoc. Events Corp.*, No. 10 Civ. 935 (SLT) (SMG), 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011). Often, however, such equitable tolling issues only when events external to consideration of the motion itself contributed to delay. *See, e.g.*, *id.* at *3 (granting equitable tolling when defendants' litigation strategy had frustrated plaintiffs' efforts to pursue their claims); *Abadeer* v. *Tyson Foods, Inc.,* No. 3:09-0125, 2010 WL 5158873, at *2-4 (M.D. Tenn. Dec. 14, 2010) (granting equitable tolling when dispute between parties over publication of notice unnecessarily protracted pre-notice period); *Lee* v. *ABC Carpet & Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2005) (granting equitable tolling when court prevented plaintiff from seeking collective action certification while a previous motion was under consideration).

However, it is unnecessary to determine this issue now, as "it is not yet clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice." *Whitehorn* v. *Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011). The Court will permit notice to be distributed to all potential plaintiffs employed within three years of the date of the filing of the Complaint, and defer consideration of the statute of limitations until after the opt-in period. At that time, any individual would-be plaintiffs whose claims have expired may seek equitable tolling as it may apply to them. *See id.* ("Plaintiffs' request for equitable tolling is denied with the understanding that

individual plaintiffs may seek such tolling upon demonstrating its applicability." (citing *Thompson* v. *World Alliance Fin. Corp.*, No 08 Civ. 4951 (AKT), 2010 WL 3394188, at *7 (E.D.N.Y. Aug. 20, 2010))).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for conditional collective action certification under § 216(b) of the FLSA and for court-authorized notice is GRANTED in part and DENIED in part in accordance with the conclusions detailed in this Opinion and Order.

Plaintiff is hereby ORDERED to submit a revised version of the Proposed Notice and Opt-In Form, reflecting the above-ordered modifications, for final Court review within seven days of the date of this Order.

Defendants are hereby ORDERED to provide Plaintiff with the names and last known addresses of all potential plaintiffs within 21 days of the date of this Order.

Defendants are further ORDERED to permit Plaintiff to post the Notice and Opt-In Form in each certified Ashiya Sushi location in a common, non-public employee space where they will be easily visible to employees.

Plaintiff is further ORDERED to mail the final Notice and Opt-In Form no later than 14 days after the Court issues final authorization of the Proposed Notice.

Plaintiff is further ORDERED to provide a list of all opt-in plaintiffs to Defendants within 14 days of the conclusion of the opt-in period.

The Clerk of Court is directed to terminate the motion pending at docket number 12.

SO ORDERED.

Dated:       September 16, 2013
             New York, New York

_____
     KATHERINE POLK FAILLA
   United States District Judge